UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL ANDERSON and
NEW MEXICO TRANSPORTATION UNION,
    Plaintiffs,

vs.                                                                   No. 1:13-cv-01102 JAP/ACT

CITY OF ALBUQUERQUE, RICHARD
BERRY, Mayor, ROBERT J. PERRY,
Chief Administrative Officer, BRUCE RIZZIERI,
Transit Department Director, and CITY
PERSONNEL BOARD,
    Defendants.

**MEMORANDUM OPINION AND ORDER**

In PLAINTIFFS' MOTION TO REMAND (Doc. No. 15) (Motion to Remand), Plaintiffs ask the Court to remand the case to state court because all Defendants did not agree to removal. Defendants uniformly oppose the Motion. *See* DEFENDANTS CITY OF ALBUQUERQUE, RICHARD BERRY, ROBERT PERRY AND BRUCE RIZZIERI'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND (Doc. No. 18) (Response); DEFENDANT CITY PERSONNEL BOARD'S NOTICE OF JOINDER IN DEFENDANTS CITY OF ALBUQUERQUE, RICHARD BERRY, ROBERT PERRY AND BRUCE RIZZIERI'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND (Doc. No. 19). Because Defendant City Personnel Board did not formally consent to removal in writing within the thirty-day removal period, the Court will grant Plaintiffs' Motion to Remand and will remand the case.

**I.    Background**

On August 9, 2013, Plaintiffs filed a NOTICE OF ADMINISTRATIVE APPEAL (Doc. No. 5-1) in the Second Judicial District Court of New Mexico, challenging the decision of the City of Albuquerque and the City Personnel Board to terminate the employment of Plaintiff

1

Michael Anderson. On October 29, 2013, under the same caption, Plaintiffs filed a COMPLAINT FOR VIOLATION OF STATUTORY AND CONSTITUTIONAL RIGHTS (Doc. No. 5-51), naming Mayor Richard Berry, Chief Administrative Officer Robert Perry, and Transit Department Director Bruce Rizzieri as additional defendants. On November 14, 2013, Samantha Hults, counsel for the City Defendants,[1] filed a petition to remove the case to federal court. *See* PETITION FOR REMOVAL (Doc. No. 1) (Petition for Removal). According to the Petition for Removal, the City Personnel Board, which is represented by separate counsel, "agreed to this removal" through its attorneys. *Id.* at 2. Neither the City Personnel Board nor its counsel signed the Petition for Removal. *Id.* at 3.

## II.     Discussion

"[A]ll defendants who have been properly joined and served must join in or consent to the removal of [an] action." 28 U.S.C. § 1446(b). In other words, removal fails if there are multiple defendants and the defendants do not unanimously agree to removal. When, as is the case here, all defendants oppose the petition to remand, the issue is whether each defendant sufficiently indicated its consent to removal within the thirty-day removal period set out in 28 U.S.C. § 1446.

While the Tenth Circuit has not specified the form in which a defendant must indicate its consent to removal, most courts require written notice from each defendant "independently and unambiguously" supporting removal. *See*, *e.g.*, *Doe v. Sunflower Farmers Mkts., Inc.*, 831 F. Supp. 2d 1276, 1278 (D.N.M. 2011); *State Farm Fire and Cas. Co. v. Dunn-Edwards Corp.*, 728 F. Supp. 2d 1273, 1274-78 (D.N.M. 2010); *Vazquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1257-59 (D.N.M. 2008); *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997); *Jarvis v. FHP of Utah*, 874 F. Supp. 1253, 1254 (D. Utah 1995); *Kozel v. Oklahoma*

---

[1] The City Defendants are the City of Albuquerque, Richard Berry, Robert Perry, and Bruce Rizzieri.

*Dept. of Public Safety et. al*, No. 12-274-FHS, 2012 WL 3101403, *1-2 (E.D. Okla. July 30, 2012). A defendant may satisfy this requirement by (1) signing the notice of removal, (2) filing a separate notice of removal, or (3) filing a notice of consent. *Dunn-Edwards*, 728 F. Supp. 2d at 1277. Written notice, signed by a defendant or its attorney, affirms the defendant's intent to be bound by federal jurisdiction. Because an attorney cannot speak for someone who is not the attorney's client, "[i]t is insufficient for the removing defendant, in its notice of removal, to represent that all other defendants consent to removal." *Vasquez*, 536 F. Supp. 2d at 1258.

Here, it is undisputed that Defendant City Personnel Board did not provide independent written notice of its consent to the removal within the thirty-day removal period.[2] Nonetheless, Defendants ask the Court to find that the City Personnel Board effectively communicated its consent through Samantha Hults, counsel for the City Defendants. The Court is not inclined to accept Defendants' invitation to deviate from the majority approach. Even though a case in the District of New Mexico permitted a defendant filing a notice of removal to certify that the remaining defendants consent to removal, *see Tresco, Inc. v. Continental Cas. Co.*, 727 F. Supp. 2d 1243, 1244-55 (D.N.M. 2010), it is well established that the procedural requirements for removal are "strictly" enforced and that "all doubts are to be resolved against removal," *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). When a properly joined defendant fails to indicate its consent to removal in writing, this creates doubt about whether that

---

[2] A defendant must file a notice of removal within thirty days of receiving "a copy of the initial pleading setting forth the claim for relief," or, in cases where the initial pleading is not removable, within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). While it is not entirely clear from the state court record when the City Personnel Board first received notice that the case was removable, attorneys Deborah Wells and Debra Moulton entered a notice of appearance and filed an answer to the complaint on behalf of the City Personnel Board on November 15, 2013. (Doc. Nos. 6 & 8). It is clear that the City Personnel Board received the removed complaint by this date. However, the City Personnel Board failed to provide written notice of its assent to removal within thirty days; the Court did not receive written notice of the City Personnel Board's consent to removal until December 19, 2013, the day it joined the City Defendants' opposition to Plaintiffs' Motion to Remand.

defendant consents to the court's removal jurisdiction. As this Court has previously explained, out-of-court agreements among attorneys cannot cure this doubt. *Dunn-Edwards*, 728 F. Supp. 2d at 1277. Requiring written notice avoids "the morass of ambiguities, disparate memories, and misapprehensions that often accompany attorneys' verbal agreements with one another." *Id.*

The City Personnel Board did not provide the Court with timely written notice of its consent to remove the case. As a result, removal is deficient and the Court will remand the case. This is not a drastic remedy. The Court trusts Plaintiffs' claims will be competently adjudicated in state court. In addition, by failing to comply with the majority rule, the City Personnel Board needlessly risked remand. This Court has warned litigants against relying on informal methods of communicating consent:

> Our jurisprudence supports an almost foolproof directive, which follows the clear language of the rule and should satisfy every judge: If you represent a served, properly joined defendant who consents to a co-defendant's removal, you must sign the notice of removal on behalf of your client, file your own notice of removal, or file a notice of consent to removal within the thirty-day removal period. Do not rely on phone calls or emails or handshakes. Do not rely on a co-defendant's counsel to say something on your client's behalf. File something with the Court.

*Id.* The Court repeats this warning today. Under the unanimity rule, the failure of all served defendants to consent to removal **in writing** is a procedural defect requiring remand.

IT IS THEREFORE ORDERED that PLAINTIFFS' MOTION TO REMAND (Doc. No. 15) is granted.

_____
SENIOR UNITED STATES DISTRICT JUDGE